Augusta Phillips, who had been living with a relative, Eva Barend, and her husband, died on March 13th, 1923, in a hospital in Orange, New Jersey. She left a will in and by which the defendant Eva Barend was made chief beneficiary, and a half sister, Hannah Lubell, was left a legacy of one dollar. She was mentioned in this will by her maiden name, and by her two married names. She has resided in New York City for many years and is listed in the telephone book. This will was offered for probate by Eva Barend, but was rejected because of faulty execution. Thereafter, one Louis Weinthal was appointed administrator of the estate at the instance of Ovidio Bianchi, Esq., who had theretofore acted for defendant Barend. The application for the bond was witnessed and acknowledged by Bianchi. In the item *Page 632 
setting forth the names of the creditors only those of the undertaker and doctor appear. There is no mention of any claim of Eva Barend, although more than a year had elapsed since Mrs. Phillip's death. I do not believe there was any real effort to locate Hannah Lubell, the sister, specifically mentioned in the will, and who might easily have been found and who was entitled to administration. After this, Bianchi agreed to collect for Barend a claim for services rendered amounting to $3,360, practically all that was left of the estate, he to receive twenty-five per cent. of the claim for his services. Bianchi then went to the administrator whose attorney he was and persuaded him to allow and pay the claim. I am satisfied that the administrator acted honestly throughout the entire matter, and did not know that Bianchi was acting for Barend as well as for him. These facts were proved at the hearing, and are not contradicted. Before the money was actually paid, Hannah Lubell applied to this court for relief, and an injunction was issued preventing the payment of this money until final hearing, and it is now on deposit in the Montclair bank subject to the order of this court.
The evidence in this case convinces me that Eva Barend, in conjunction with Bianchi, when she found the Phillips' will was void, deliberately attempted to secure the assets by fraud. She had the will in her possession, specifically naming Hannah Lubell, and could easily have communicated with her had she so desired. The bank account of Mrs. Phillips shows payments of $65 per month to Mrs. Barend or her husband throughout practically the entire time Mrs. Phillips resided with them. Their statement that they gave cash for these checks is unbelievable. There are, with one exception, no deposits of $65 in the account. When Mrs. Phillips went to the hospital, payments of $22.50 per week appear in the account, until four days before her death. The bank balance constantly decreased from the time Mrs. Phillips went to live with the Barends until her death, and was active throughout that time. All Mrs. Phillips' personal effects, except some valuables in a safe deposit box, were in the home and *Page 633 
under the control of the Barends. The Barends, however, declare that there are no return vouchers and no check books in their possession, and they never had any. The record of the Bank of Montclair shows that the first withdrawal of Mrs. Phillips' return vouchers, February 17th, 1922, was signed for by Eva Barend, and that the last withdrawal of vouchers from the bank made February 17th, 1923, only a few days before the death of Mrs. Phillips, was signed for by Mrs. Barend's son, Louis. The testimony, in my opinion, clearly shows that Eva Barend set out to get the entire estate of an old and ill relative. When the will Mrs. Phillips made leaving everything to her was found to be void, in spite of the fact that she had been paid to take care of Mrs. Phillips, she determined by means of a false claim and the destruction of vouchers to get the bulk of the small estate in any event. In my opinion, she is not entitled to anything. She was paid for what she did, and, moreover, the testimony shows that she comes into the court with hands far from clean.
How far Mr. Bianchi was cognizant of the facts last above mentioned I do not know. I do believe, however, that it was highly unethical for him to act as counsel for an administrator, and then, acting for a claimant against the administrator, persuade him to pay a claim of very doubtful validity, of which he himself expected to receive twenty-five per cent. Moreover, I believe he could easily have located Mrs. Lubell had he so desired, as the will was specific in the mention of her.
I will advise a decree disallowing in toto the claims of Barend and Bianchi, directing the money be paid to the administrator, declaring Mrs. Lubell to be the heir-at-law and next of kin of Augusta Phillips, and that the physician's bill be paid.
The case of Weinthal v. Barend involved the same issues, was consolidated with this case, and my conclusions in this case apply to both. *Page 634